IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| CHRISTOPHER PHILLIPS,<br><br>    Plaintiff,<br>vs.<br><br>MATTHEW DONOVAN, in his official capacity as Acting Secretary of the United States Air Force,<br><br>    Defendant. | CASE NO. 5:19-cv-_____-_____ |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, CHRISTOPHER PHILLIPS (hereinafter "PHILLIPS"), by and through the undersigned counsel, files this Verified Complaint and Demand for Jury Trial against Defendant, MATTHEW DONOVAN (hereinafter "DONOVAN"), in his official capacity as Acting Secretary of the United States Air Force, and states:

### JURISDICTION

1. The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Panama City Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district. At all times relevant, PHILLIPS was employed by DONOVAN. PHILLIPS also invokes this Court's jurisdiction under 28 U.S.C. § 1343 on grounds that this action arises

under Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII") 42 U.S.C. § 2000-e, *et seq.*

## PARTIES

2.  PHILLIPS, a 54-year-old, male citizen, resides at 1016 Thomas Drive, #515, Panama City Beach, Florida 32408. At all times pertinent PHILLIPS was employed as a civil servant at Eglin Air Force Base, and the most recent position held by PHILLIPS was a GS-13 AFB Supervising Engineer.

3.  DONOVAN is the Acting Secretary of the United States Air Force, an agency of the United States.

## ADMINISTRATIVE PREREQUISITES

4.  On February 27, 2018, PHILLIPS filed an EEO Complaint No. 8I1M1900289. On August 26, 2019, Charles A. Hunt, Director of Equal Opportunity of the United States Air Force, issued a notice informing PHILLIPS that more than 180 days had passed since the filing of the EEO Complaint and PHILLIPS was authorized to file a civil action in the appropriate United States District Court. The administrative prerequisites have been met and PHILLIPS now is allowed to bring this complaint as a matter of law.

## STATEMENT OF THE CASE

5.  PHILLIPS graduated from the University of Alabama Engineering School in 1990 and has twenty-nine (29) year of employment in that field with the federal government.

6.  In January through March of 2017, PHILLIPS, a GS-13 Department of Veterans Affairs (VA) Engineer Manager, submitted his resume for an open-continuous

2

Department of Defense (DoD) vacancy announcements for overseas work and is referred to interviews including Germany, Kwajelein and Saudi Arabia.

7. In March 2017, PHILLIPS applied for USAF Eglin AFB GS-13 Supervisory Engineering position in the 96TH Civil Engineering (CE) Group.

8. In June 2017, PHILLIPS interviewed in person with the selection panel for the Eglin AFB GS-13 Supervisory Engineer position. PHILLIPS was selected for position.

9. In October 2017, PHILLIPS began employment as GS-13 Eglin AFB Supervisory Engineering position. Shortly thereafter, PHILLIPS learns from another employee that another supervisor, Moorer, who is an African American, had been pushing for an African-American employee, Chuck Ford, to receive the job that PHILLIPS accepted, and is continually briefing the point to staff that "Ford should have been selected for the job." PHILLIPS is provided an e-mail which was sent from Supervisor Moorer to his staff that Mr. Ford did NOT get the GS-13 Supervisory Engineer position for which PHILLIPS was selected. In order to resolve this, PHILLIPS sends an e-mail of record to the Supervisor Moorer and courtesy copies to his management because of the negative environment and EEO concerns. PHILLIPS' discussion with his management is with the theme and question of can they resolve and dissolve this issue.

10. In April 2018, PHILLIPS is selected and receives a final offer for GS-13 Department of Army position in Saudi Arabia. PHILLIPS accepts position. According to DoD Return-rights agreement, signed by Eglin AFB HR Ms. Sonia Church and Department of Army Mr. James Slaven, employees in PHILLIPS' position can leave for up to five years

3

to a post overseas Saudi assignment in accordance with 10 U.S.C. § 1566, and eventually be allowed to return to his GS-13 Eglin AFB Supervisory Engineer position. In other words, the position remains obligated to PHILLIPS during the period of his overseas post.

11. In June 2018, in response to PHILLIPS' overseas assignment, Eglin AFB CE transitions, details and temporarily promotes Mr. Chuck Ford, an African American, into the GS-13 Supervisory Engineering position previously held by PHILLIPS. Verification of Mr. Ford's assignment is posted on July 2018 Organizational Chart. PHILLIPS departs Eglin AFB for his Saudi position.

12. In July 2018, a family hardship forces PHILLIPS to curtail his Saudi overseas assignment much earlier than anticipated. PHILLIPS contacts the Army and USAF HR about returning to his Eglin AFB position. PHILLIPS pays for all travel and moving expenses to return to Eglin, thus no expenses were incurred by DoD USAF or the Army.

13. In August 2018, PHILLIPS returned to Eglin AFB, where he met with USAF Eglin AFB Management and HR. PHILLIPS becomes aware that there is some type of issue that may prevent him from being returned to his return-rights GS-13 Supervisory Engineering position. PHILLIPS met with Eglin HR rep Ms. Sonia Church who had signed the return-rights agreement. Ms. Church referred PHILLIPS to her Supervisor, Ms. Tina Noyes, Supervisory HR Specialist. Ms. Noyes informed PHILLIPS that his former Supervisor has REFUSED to return PHILLIPS to his GS-13 Supervisory Engineering position, in violation of his right of return. Ms. Noyes referred PHILLIPS to HR LR/ER Supervisor, Ms. Adrienne Liggins, who advised PHILLIPS of his Administrative Grievance

rights as the only option to grieve the non-return action. She also advised PHILLIPS to keep a daily log journal. Realizing a transition period may be needed, PHILLIPS advised Eglin 96CE and HR that he is willing to take a 120-day leave-without-pay (LWOP) hiatus to allow the detailed employee "Ford" to complete his 90-120 day detail which would allow USAF Management and HR time to sort this issue out. PHILLIPS did not receive an answer to this request. PHILLIPS then consulted with USAF Air Force Personnel Center, Mr. Kit Lui, who advised that this non-placement and non-adherence to legal return rights is a local base (Eglin) issue and for PHILLIPS to work with Eglin HR.

14. In September 2018, Ms. Liggins assigned her employee, HR/ER Specialist Mr. Mike Dixon, to work with PHILLIPS. PHILLIPS met with Dixon. Dixon then met with PHILLIPS' Supervisor, Mr. Steve Blalock. PHILLIPS asked Dixon for results of meeting and Dixon advised PHILLIPS that he will "have to demand from the 96CE Organization what their intent is for him." In a meeting with Mr. Blalock, PHILLIPS asks Mr. Blalock what he intends to do to about PHILLIPS' return to his former position. Blalock advised PHILLIPS that he and Management are concerned about Mr. Ford's feelings. Blalock then asked PHILLIPS how would he feel if he was in Mr. Ford's position. Blalock also told PHILLIPS that he worries about possible EEO repercussions if they remove Mr. Ford, an African-American, from PHILLIPS' Supervisory Engineering position given that PHILLIPS is Caucasian.

15. On September 6, 2018, PHILLIPS, per Ms. Liggins' direction and assistance, filed first step Informal Administrative Grievance due to non-placement back to return rights

position, to first level Supervisor, Mr. Steve Blalock, Mr. Dixon and Ms. Liggins. In the informal grievance, PHILLIPS documented and discussed the 120-day LWOP offer and the feelings and EEO repercussion discussion from Mr. Blalock regarding Mr. Ford. PHILLIPS consulted with his Army HR Specialist, Mr. James Slaven, and informed him that he had not been placed back into his former, return-rights position, in violation of the signed bi-lateral agreement. Slaven told PHILLIPS he had not heard of this and advised PHILLIPS to seek legal representation. PHILLIPS then consulted with and retained Mr. Jason Taylor, an Attorney in Tallahassee.

16. On October 2, 2018, Blalock answered PHILLIPS' Informal Grievance by stating that it was untimely and ignored the issue of PHILLIPS' return to his return-rights GS-13 Supervisory Engineering position.

17. On October 18, 2018: PHILLIPS filed a Formal Administrative Grievance to the next higher level of Management based upon Mr. Dixon's advice that PHILLIPS will have to demand from the Organization what their intent is for him. PHILLIPS asked Management and HR for an updated Organizational Chart showing PHILLIPS' name, role and position. An Organizational Chart is not provided and PHILLIPS has was been never provided an Organizational Chart.

18. On November 21, 2018, PHILLIPS sent an e-mail request to the 96CE HR Staffing Specialist Ms. Krystal Wynter requesting an Organizational Chart showing name, position and role. Wynter was unable to provide an Organizational Chart to PHILLIPS.

6

19. During August, September, October and November, PHILLIPS continued to inquire about his role, Management's plan for him and PHILLIPS continued to request on numerous times for a Reduction-in-Force official notice if he cannot be shown on an Organizational Chart and if he is not being returned to his prior position or a suitable equal-status position. PHILLIPS notified HR and Management that he is willing to accept local area base placement if he is not being returned to his previous position or a suitable equal-status alternative. Meanwhile, Management has kept Mr. Ford in PHILLIPS former return-rights GS-13 Supervisory Engineering position for more than 90-120 days without required competition announcement.

20. On December 3, 2018, after approximately five months of no clear direction being provided, PHILLIPS' Attorney sends the USAF Attorney Mr. Daniel Watson an e-mail letter requesting official direction. No answer was ever provided by Mr. Watson.

21. On December 12, 2018, Mr. Mark Schlueter, CE Deputy answers PHILLIPS' Formal Grievance. No clear direction is provided to returning PHILLIPS to his return-rights position or suitable equal-status alternative. PHILLIPS seeks other local area base employment on his own and his Navy contacts offer him a direct hire GS-0801-12 Supervisory General Engineer position. By this time, more than 120-days have elapsed with Mr. Ford remaining in PHILLIPS' return-rights GS-13 position and PHILLIPS has not received direction that he will be returned to his position. PHILLIPS initiates contact with EEOC office and files complaint.

22. In January 2019, PHILLIPS departs USAF Eglin AFB and accepts a new job as a Navy NAVFAC SE GS-12 position with a 16% salary decrease after concluding that the refusal of management to follow the return-rights agreement, in accordance with 10 U.S.C. § 1566 and return him to his former position as GS-13 AFB Supervising Engineer by allowing Ford to keep the position, amounted to a constructive removal of him without legal cause.

## COUNT I
### RACE DISCRIMINATION IN VIOLATION OF THE ACT

23. PHILLIPS realleges and incorporates by reference paragraphs 5 through 22 above, as if set forth in full herein.

24. This is a Complaint for race discrimination by PHILLIPS against Defendant, DONOVAN, as his employer.

25. DONOVAN and/or his agents engaged in race discrimination in violation of PHILLIPS' federally protected rights by failing to return him to his GS-13 Supervisory Engineering position upon his return from Saudi Arabia in violation of the return-rights agreement. DONOVAN ordered to continue Chuck Ford, an African-American employee, who was temporarily appointed to fill PHILLIPS' former position while PHILLIPS was on assignment overseas. The reason for doing this was due concerns that African-American Supervisors that PHILLIPS, a white male, should not have received the position over Chuck Ford, an African-American, in the first place.

26. Race is not a bona fide qualification (BFOQ) for a job position.

27. As a direct and proximate result of these violations of his rights, PHILLIPS further alleges that he has suffered and will continue to suffer economic damages and is entitled to compensatory damages, including, but not limited to: Loss of income, emotional distress, mental anguish, pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation and loss of savings.

28. As a result of DONOVAN's discriminatory actions, PHILLIPS has been forced to hire an attorney to protect his rights and, as such, is entitled to recover reasonable attorney fees and costs for bringing this action.

WHEREFORE, Plaintiff, CHRISTOPHER PHILLIPS, respectfully demands judgment against defendant, MATTHEW DONOVAN, in his official capacity as Secretary of the United States Air Force, and requests this Court for entry of an Order making her whole, by awarding the following relief:

A. Actual damages in an amount to be determined at trial;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages in an amount to be determined at trial;

D. All attorney's fees and costs of this action; and

E. Any such other and further equitable relief as this Court deems just and proper.

Plaintiff respectfully demands a trial by jury.

## VERIFICATION

I affirm under the penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information and belief.

                                                       _____
                                                       CHRISTOPHER PHILLIPS

Respectfully submitted,

/s Gary Lee Printy
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211

Attorney for Plaintiff
CHRISTOPHER PHILLIPS